UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| RASHEED GRAY, | **No. 1:12-CR-00101 (MAT)** |
| | **No. 1:15-CV-00229 (MAT)** |
| Movant, | |
| -vs- | **DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

_____

## I. Introduction

Proceeding *pro se*, movant Rasheed Gray ("Gray" or "movant"), a federal prisoner, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Doc. 235. The Court has reviewed plaintiff's submissions in connection with his motion to proceed *in forma pauperis*, finds that he meets the statutory requirements, and therefore grants his request to proceed as a poor person.

On October 15, 2013, Gray was convicted, upon his plea of guilty, of one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. See doc. 113. On April 28, 2014, Gray was sentenced to a term of 66 months imprisonment with a three-year term of supervised release. See doc. 194. Presently before the Court is Gray's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Doc. 238. For the reasons discussed below, plaintiff's motion is denied.

## II. Background

Gray's conviction arose out of a series events which occurred between approximately November 2011 through March 30, 2012. Gray, along with seven co-defendants, conspired to possess five kilograms or more of cocaine. A confidential informant advised the DEA that Gray and an uncharged co-conspirator operated a cocaine trafficking organization which was responsible for importing approximately 50 kilograms of cocaine per month to Buffalo, New York from Chicago, Illinois, utilizing Mexican couriers to transport cocaine and money to and from Buffalo.

Gray's plea agreement contained a standard waiver of appellate and collateral attack rights. Specifically, the plea agreement stated that movant "knowingly waive[d] the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 15, above, notwithstanding the manner in which the Court determines the sentence." Doc. 113 at 7. Subsection III of the plea agreement stated that the parties understood that Gray carried an adjusted offense level of 36, but conceded to a three-level downward adjustment for the acceptance of responsibility.

At his plea, Gray testified that he understood that he waived his right to appeal and collaterally attack his sentence. He also testified that he had discussed the plea agreement with his attorney and that he was satisfied and had no complaints regarding his attorney's advice and counsel. On April 18, 2014, Gray was

2

sentenced to a term of imprisonment of 66 months with a three-year period of supervised release. The Court (Arcara, J.) granted a five-level reduction of his offense level at sentencing, due to Gray's acceptance of responsibility and cooperation with the government.

On March 16, 2015, Gray filed the instant motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Gray raises three grounds, arguing that (1) his conviction was obtained pursuant to an unconstitutional search and seizure; (2) his conviction was obtained by a violation of the privilege against self-incrimination; and (3) he was denied effective assistance of counsel.

**III. Discussion**

    **A.   Waiver of Collateral Attack in the Plea Agreement**

Initially, the Court finds that Gray's waiver of collateral attack was entered knowingly and voluntarily. See United States v. Roque, 421 F.3d 118, 122 (2d Cir. 2005) (finding that waiver was knowing and voluntary where there was "no evidence [in the] record to suggest that [defendant] was ignorant of his legal and constitutional rights in their then-present state"). Petitioner's waiver precludes the claims brought in grounds one and two of his petition, the facts of which transpired prior to his plea. See Summers v. United States, 2014 WL 4829207, *4 (W.D.N.Y. Sept. 29, 2014) (finding that valid collateral attack waiver applied to

3

grounds arising both before and after plea agreement) (citing Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001)).

### B.  Ineffective Assistance of Counsel

Gray argues that his counsel was ineffective because he informed counsel of his beliefs that he was unconstitutionally searched and that DEA agents denied him the right to counsel in an interrogation, yet counsel advised him to plead anyway. He also argues that counsel "did not explain [the] plea agreement . . . and his reason was he expected leniency from the Judge because [Gray] had no prior record." Doc. 238 at 5.

"[A] waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured, here, the plea agreement." Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002), cert. denied, 537 U.S. 1146 (2003); El Saleh v. United States, 2016 WL 4734601, *3 (E.D.N.Y. Sept. 9, 2016) ("[A] defendant cannot be bound by an appeal waiver if the decision to enter a plea agreement was the product of counsel's ineffective assistance") (citing United States v. Hernandez, 242 F.3d 110, 114 (2d Cir. 2001)). Gray's first argument does not relate to the process by which the waiver was procured; therefore, it is foreclosed by his collateral attack waiver.

Gray's second argument, that counsel failed to explain the plea agreement, does relate to the process by which the waiver was procured, and therefore the Court will address its merits. In order

4

to prove ineffective assistance of counsel, a defendant must show (1) "that counsel's representation fell below an objective standard of reasonableness;" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688 (1984). Where a defendant claims that counsel was ineffective in recommending a guilty plea, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

During his plea colloquy, Gray confirmed that he had discussed the plea with counsel, he was satisfied with counsel, and he had no complaints. Throughout the course of the lengthy colloquy, Gray confirmed that he understood each provision of the written plea agreement. Therefore, the record of Gray's plea proceeding belies his contention that counsel failed to adequately explain the plea to him prior to the plea proceeding. See Blackledge v. Allison, 431 U.S. 63, 74 (U.S. 1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); see also Cook v. Bradt, 2009 WL 3334792, *6 (W.D.N.Y. Oct. 9, 2009) ("The transcripts of the plea colloquy establish that petitioner's acceptance of the plea

5

agreement was in fact knowing and voluntary, where petitioner answered affirmatively that he freely and voluntarily entered the plea without any form of coercion and was explained in detail the rights that he waived."). Gray's claim that he received ineffective assistance of counsel is therefore dismissed.

### III. Conclusion

Gray's motion to proceed in forma pauperis (doc. 235) is granted. His motion to vacate and correct his sentence (Doc. 238) is denied. The Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability. The Clerk of the Court is directed to close Civil Case No. 1:15-CV-00229.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated:    January 18, 2017
          Rochester, New York.

6